The Honorable Eric Harris State Representative P.O. Box 796 Lowell, AR 72745-0796
Dear Representative Harris:
You have presented the following question for my opinion:
 When Act 778 of 2003 goes into effect on July 16, 2003, will the one active member already serving pursuant to former A.C.A. § 24-11-405(a)(5)(C) be allowed to complete the elected term, at which time a retired member will be elected fill that seat in May 2004, or will that member be required to resign immediately and be replaced by an elected retired member?
Act 778 of 2003 amended the provisions of A.C.A. § 24-11-405, which governs membership on the board of trustees of local police pension and relief funds. The specific change brought about by Act 778 was the following amendment to A.C.A. § 24-11-405(a)(5)(C):
 (5) The number of active members or retired members to serve on the board shall be determined by the proportionate number of active members to retired members:
* * *
 (C) When the number of retired members equals seventy-five percent (75%) of the total of retired members and active members, the board shall be composed of one (1) active member and three (3) four (4)
retired members.
A.C.A. § 24-11-405(a)(5) (as amended by Acts 2003, No. 778).
This change will go into effect on July 16, 2003.
Response
Although state law does not directly address the question you have raised, it is my opinion, as explained more fully below, that the one active member who is already serving pursuant to the language of the statute prior to Act 778 should be allowed to complete his or her elected term.
I base this conclusion on the fact that the statute specifically provides for elections to be held each May. If the legislature had intended that a special election be called to implement Act 778, it could have provided accordingly. The fact that it did not do so indicates that it intended the May election requirement to govern. In the meantime, the one active member will be deemed a holdover officer, whose acts are valid and enforceable. A.C.A. § 24-11-405(b); Ark. Const., Art. 19, § 5; Op. Att'y Gen. No. 98-033.
I note that board composition may often fall out of strict compliance with the composition requirements of A.C.A. § 24-11-405 between May elections, as a result of retirements that effectuate a change in the proportion of active to retired members. By establishing a required May election date, the statute seems to contemplate that any non-compliance resulting from this type of change is to be tolerated until the next election. Otherwise, chaos in term lengths could result from the frequent changes in membership proportions. In my opinion, the same reasoning applies to the implementation of the change brought about byAct 778 of 2003.
Accordingly, I conclude that the one active member who is serving on a local board pursuant to the language of A.C.A. § 24-11-405(a)(5)(C) prior to the amendment of that section by Act 778 should be allowed to complete his or her term.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General